IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | | |
|---|---|---|
| LEON WESLEY ORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 3630 |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| UNITED STATES POSTAL SERVICE, | ) | HONORABLE CHARLES R. NORGLE |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendant's Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the court grants Defendant's Motion for Summary Judgment.

**I. BACKGROUND[1]**

**A. Facts**

This case arises out of the termination of Plaintiff Leon Wesley Orr ("Orr") from his employment with Defendant United States Postal Service ("USPS"). Orr worked as a letter carrier for the USPS from 1988 until his removal in 1999. In addition to delivering mail, Orr sorted mail by address and city street block. In 1993, Orr injured his back on the job. He does not explain the significance or extent of his injury, or if he received ongoing medical treatment.

---

[1] The court takes the undisputed facts from the parties' Local Rule 56.1 Statements, and notes disputed facts within the text.

1

Orr merely states that his physician directed that Orr be placed on "limited duty." As part of this limited duty, Orr sorted mail, but did not deliver it, for approximately six months.

Then, in 1994, the USPS transferred Orr to the Mt. Greenwood, Illinois postal facility. In 1997, Orr alleges that he suffered another injury on the job and was placed on permanent limited duty. Again, Orr does not state the extent of this second injury. In 1999, Orr claims that the Chicago postmaster threatened to terminate all postal employees that were on limited or light duty. Also in 1999, Orr alleges that he suffered another injury and was placed on limited duty.

On March 17, 1999, Orr was suspended for fourteen days for failure to follow instructions after, according to the USPS, he refused to deliver mail assigned to him on March 1, 1999. The USPS calls the failure to deliver mail "curtailment." Larry Miller ("Miller") provided the Notice of Suspension to Orr, but Orr refused to sign it.

Additionally, Orr alleges that on March 27, 1999, he was told to deliver mail on a specific street when two other limited duty carriers were not required to deliver mail on the same street. Orr does not inform the court as to which street he was ordered to deliver to, nor who the other limited duty carriers were.

The USPS claims that on May 11, 14, 15, 24, 28, and June 11, 1999, Orr was unable to deliver all of the mail that was assigned to him for those days. Then, on June 16, 1999, Orr's supervisor, James Rogers ("Rogers") issued Orr a Notice of Removal. Specifically, Orr was charged with the unauthorized curtailment of mail, and being absent without leave. The Notice of Removal stated that Orr was absent from work for 208 hours from March 20, 1999 through May 12, 1999. According to the USPS, another carrier had to deliver the rest of Orr's mail. The USPS believes that the curtailment of mail is "something that [they] just don't tolerate."

Orr alleges that a Dr. Ong provided him with medical notes excusing him from work, which Orr gave to a nigh shift supervisor named Miss Anthony. Orr's Notice of Removal is signed by Rogers, Orr's normal supervisor. In the Notice of Removal, Rogers stated that Orr's leave was disapproved because of "no substantiation." In other words, Orr was absent without leave. Additionally, the Notice of Removal cited to three suspensions and a letter of warning Orr had received in the two years prior to his termination. One of these suspensions was rescinded; however, Rogers was unaware of this rescission at the time he issued Orr's Notice of Removal. According to Rogers, he terminated Orr because of the unauthorized absences, and the curtailment of mail.

## B. Procedural History

On March 28, 2001, an EEO Administrative Law Judge upheld Orr's termination in general, yet found that the USPS's charges of AWOL were retaliatory. As a result, the USPS issued a Notice of Final Action which adopted the decision of the EEO Administrative Law Judge. Orr appealed this decision to the EEOC. On May 13, 2004, the EEOC affirmed the final agency decision.

Then, on May 25, 2004, Orr filed his initial Complaint in the United States District Court for the Northern District of Illinois alleging discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000-e, et seq. On November 8, 2004, Orr filed his Amended Complaint. On January 26, 2006, the USPS filed its Motion for Summary Judgment. Orr Responded on March 10, 2006, and the USPS filed its Reply on April 6, 2006. The USPS's Motion for Summary Judgment is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Szymanski v. Rite-Way Lawn Maintenance Co., 231 F.3d 360, 364 (7th Cir. 2000); see also Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See FED. R. CIV. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the non-moving party. Ameritech Benefit Plan Comm. v.

4

Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the non-moving party's favor must be drawn from specific facts identified in the record that support that party's position. See Szymanski, 231 F.3d at 364. Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

## B. Orr's Title VII Discrimination Claim

### *1. The applicable law*

Pursuant to Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); see Whittaker v. Northern Illinois University, 424 F.3d 640, 645 (7th Cir. 2005). In order to prevail on a race discrimination claim under Title VII, Orr must "either show direct evidence of discriminatory motive or intent, or rely on the indirect burden-shifting method outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Bio v. Federal Express Corp., 424 F.3d 593, 596 (7th Cir. 2005).

Under the McDonnell Douglas method, a plaintiff who alleges racial discrimination must first establish four elements of a prima facie case: (1) that he is a member of a protected class; (2) that he was meeting his employer's legitimate performance expectations; (3) that he suffered an adverse employment action; and (4) that he was treated less favorably than similarly situated individuals who are not members of his protected class. See Ballance v. City of Springfield, 424 F.3d 614, 617 (7th Cir. 2005); Whittaker, 424 F.3d at 645.

Once the plaintiff has established a prima facie case, the burden shifts to the defendant to provide a legitimate, non discriminatory reason for the adverse employment action. Ballance, 424 F.3d at 617. If the defendant satisfies its burden, the burden shifts back to the plaintiff to show that the defendant's explanation was pretextual. Id., Bio, 424 F.3d at 596. To establish pretext, the plaintiff may show that the reasons given by the employer are factually baseless, were not the actual motivation for the decision, or were insufficient to motivate the decision. Stewart v. Henderson, 207 F.3d 374, 376 (7th Cir. 2000). The failure to establish any one of the initial four prima facie elements defeats a plaintiff's discrimination claim. Id. With these principles in mind, we turn to the USPS's Motion for Summary Judgment.

### *2. Orr has not established a prima facie case of racial discrimination*

Orr argues in his Response that he has adequately submitted evidence of direct discrimination. See Pl.'s Resp., at 6. For example, Orr points to the November 17, 1997 Notice of Proposed Seperation. The court notes that there is no such document in the evidence; instead, the court construes Orr's argument as directed towards the Noticed of Proposed Seperation dated July 15, 1997. Orr claims this is evidence of direct discrimination because it was issued two years prior to his eventual termination, and was later removed from his personnel file.

However, "[D]irect evidence is evidence which in and of itself suggests that someone with managerial authority was 'animated by an illegal employment criterion.'" Walker v. Bd. of Regents of the Univ. of Wisconsin, 410 F.3d 387, 394 (7th Cir. 2005) (quoting Sheehan v. Donlen Corp., 173 F.3d 1039, 1044 (7th Cir. 1999)). Such evidence is typically related to "the motivation of the decision maker responsible for the contested decision." Id. This evidence can

6

be "interpreted as an acknowledgment of discriminatory intent by the defendant or its agents." Id. (quoting Troupe v. May Dept. Stores, 20 F.3d 734, 736 (7th Cir. 1994)).

In the instant case, Orr provides no documents, statements, or other materials that offer direct evidence of discrimination. He only relies on inferences to support his claim of direct evidence of discrimination. Therefore, he must proceed under the McDonnell Douglas burden shifting method.

As a preliminary matter, neither party disputes that Orr, an African-American, is a member of a protected class and that his termination constitutes an adverse employment action. See Whittaker, 424 F.3d at 645; Washington v. Illinois Dept. of Revenue, 420 F.3d 658, 659-60 (7th Cir. 2005) (discussion of adverse employment actions). However, the parties disagree as to whether Orr had met the USPS's legitimate performance expectations, and whether he was treated less favorably than similarly situated individuals who are not members of his protected class.

### a. Orr has not met USPS's legitimate performance expectations

The USPS has submitted several documents that depict Orr as a less than diligent employee. According to the USPS, Orr failed to deliver mail on more than five occasions in the spring of 1999. See Def.'s Stmnt. of Mat. Facts, ¶ 4. In one instance, on March 17, 1999, the USPS suspended Orr for fourteen days for his refusal to deliver mail. See id., Ex. I. In its report, the USPS stated that when Orr was asked to deliver the mail, he said "I am not going, you can do what you have to do." Id. These statements demonstrate that Orr did not meet the USPS's legitimate performance expectations. It is not reasonable to believe that an employer is performing his job in a satisfactory manner when he blatantly refuses to complete tasks assigned

to him. While Orr need not prove, at this stage of the litigation, that he performed his job in a satisfactory manner, he must provide the court with some evidence that creates a genuine issue of material fact on the subject. See Heft, 351 F.3d at 283; Thomas, 328 F.3d at 892-93. However, Orr is unable to do so.

### *b. Orr does not cite to any similarly situated individuals*

Orr's Title VII discrimination claim also fails because he cannot satisfy the similarly situated prong of the McDonnell Douglas test. A similarly situated employee "is one who is 'directly comparable to the plaintiff in all material aspects.'" Bio, 424 F.3d at 596 (quoting Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002)); see Walker, 410 F.3d at 396 (quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)). To determine whether two employees are similarly situated, the court must "look at all relevant factors, including whether the employees "(i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications– provided the employer considered these latter factors in making the personnel decision.'" Bio, 424 F.3d at 596 (quoting Ajayi v. Aramark Bus. Servs., Inc., 336 F.3d 520, 532 (7th Cir. 2003)). The Seventh Circuit indicates that two employees are similarly situated if "they are directly comparable to [each other] in all material respects." Walker, 410 F.3d at 396 (quoting Patterson, 281 F.3d at 680).

Viewing all of these factors together, Orr cannot establish that any of his co-workers are similarly situated to him for purposes of Title VII, and therefore his case is doomed. See Stewart, 207 F.3d at 376; see also Racicot v. Wal-Mat Stores, Inc., 414 F.3d 675, 678 (7th Cir. 2005). Orr has not identified any other employees at the USPS that are similarly situated as

himself. While Orr mentions three co-workers by name; Joanne Webb ("Webb"), Tamara Bowens ("Bowens"), and Felicia Weisinger ("Weisinger"), he does not describe their education, work experience, or any other distinctive characteristic that would allow the court to find that they are "directly comparable in all material aspects." Walker, 410 F.3d at 396. Orr merely states that "Webb and Bowens were both on limited or light duty, but were allowed to work overtime to complete heavy loads of mail so they would not have to curtail mail." Pl.'s Resp., at 15. Orr submits no evidence to demonstrate that these three co-workers had jobs similar to Orr, whether they all had the same supervisor, or whether they all had the same responsibilities at the USPS. Moreover, Orr claims he was discriminated due to race, yet he does not inform the court as to whether Webb, Bowens, or Weisinger belong to the same racial class. Therefore, Orr fails to provide the court with any evidence that these three employees were comparable in all material aspects, and as a result, his prima facie claim for discrimination fails. See id; see also Szymanski, 231 F.3d at 364.

### c. *Legitimate reason for termination*

Even though Orr has not established a prima facie case for discrimination under Title VII, with an abundance of caution, the court will proceed with the remaining McDonnell Douglas analysis. Assuming, arguendo, that Orr has established a prima facie case of discrimination, the burden shifts back to the USPS to establish a legitimate, non-discriminatory reason for Orr's termination. See Ballance, 424 F.3d at 617. Here, the USPS has stated that it fired Orr for curtailment of mail, and over 200 hours of absences without leave. See Def.'s Mot. for Summ. J., at 10. The USPS issued several notices to Orr for his poor job performance. See Def.'s Stmnt. of Mat. Facts., Ex. C, Ex. I, Ex. J. The USPS has documentation that establishes Orr's

poor job performance as the sole reason for termination. In reviewing the totality of the evidence, the USPS has shown a legitimate, non discriminatory reason for its adverse employment action. As a result of the Notice of Suspension and Notice of Removal, the USPS has produced "evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Rudin v. Lincoln Land Comm. Coll., 420 F.3d 712, 725 (7th Cir. 2005) (quoting Stockett v. Muncie Indiana Transit Sys., 221 F.3d 997, 1001 (7th Cir. 2000)). Therefore, the USPS has established a legitimate, non-discriminatory reason for Orr's termination for purposes of Title VII. See Ballance, 424 F.3d at 617.

### *d. Pretext argument*

Lastly, after the USPS has established its legitimate reason for termination, Orr is required to show that the proffered reason is pretextual. See Stewart, 207 F.3d at 376; see also Herron, 388 F.3d at 301. "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." Stewart, 207 F.3d at 378 (quoting Jackson v. E.J. Brach Corp., 176 F.3d 971, 983 (7th Cir. 1999)). The court will not "sit as a superpersonnel department that reexamines an entity's business decision and reviews the propriety of the decision." Id. Moreover, it is not sufficient to prove that the reason was doubtful or mistaken. Crim v. Bd. of Educ. of Cairo Sch. Dist. No. 1, 147 F.3d 535, 541 (7th Cir. 1998). Pretext does not mean simply a mistake, but instead a lie, "specifically a phony reason for some action." Id. (quoting Johnson v. City of Fort Wayne, 91 F.3d 922, 931 (7th Cir. 1996)). The only concern is whether the legitimate reason provided by the employer is in fact an honest one. See Stewart, 207 F.3d at 378.

Orr has again submitted no evidence that creates a genuine issue of material fact as to whether Orr's legitimate, non-discriminatory reason for his termination was pretextual. See Jansen v. Packaging Corp. of Amer., 123 F.3d 490, 493 (7th Cir. 1997) (employee presented no evidence that the reasons for termination were mere pretexts, therefore the employer was entitled to summary judgment). Moreover, Orr has submitted no evidence to rebut the USPS's claim that Orr's termination resulted from his failure to deliver mail, and habitual absence from the job. Absent any evidence of discrimination, this court will not comment on the termination procedures at the USPS. "A district judge does not sit in a court of industrial relations." Wernsing . Dep. of Human Services, 427 F.3d 466, 468 (7th Cir. 2005) (quoting Pollard v. Rea Magnet Wire Co., 824 F.2d 557, 560-61 (7th Cir. 1987)). "No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, Title VII does not interfere." Id. Therefore, because Orr cannot establish a pretextual reason for his termination, summary judgment is appropriate in favor of the USPS as to Orr's Title VII discrimination claim.

## C. Orr's Title VII Retaliation Claim

In addition to his discrimination claim, Orr alleges that the USPS violated Title VII when it fired him in "retaliation for Plaintiff's justified EEO complaints about Defendant's treatment of him . . . ." Am. Compl., ¶ 50.

Under Title VII, it is "unlawful for any employer to discriminate against an employee for opposing a practice made unlawful by the Act." 42 U.S.C. § 2000e-3(a). In order to establish a prima facie case of retaliation under the direct method of proof, a plaintiff must establish that:

11

"(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action subsequent to his participation; and (3) there was a causal link between the adverse action and the protected activity." Dunn v. Nordstrom, Inc., 260 F.3d 778, 784 (7th Cir. 2001). In order to prove a causal link, "the plaintiff is required to show that the employer would not have taken the adverse action 'but for' the plaintiff's engagement in the protected activity." Id (citing McKenzie v. Ill. Dep't of Transp., 92 F.3d 473, 483 (7th Cir. 1996)).

First, as the Seventh Circuit has stated, "[A]n employer many not retaliate against an employee who has complained about discrimination or other employment practices that violate Title VII. . . ." Racicot v. Wal-Mart Stores, Inc., 414 F.3d 675, 678 (7th Cir. 2005). Therefore, Orr's oral complaints to the EEO counselor are sufficient to satisfy the first prong of his retaliation claim. Second, it is undisputed that Orr suffered an adverse employment action as a result of his termination. However, Orr cannot establish a causal link between the adverse action and the protected activity under the third prong of the retaliation claim. See id.

To establish a causal link, Orr must show that the USPS fired him as a result of his visit with the EEO counselor. See id. Orr alleges that he was fired because he met with an EEO counselor. See Pl.'s Resp., at 4. Specifically, Orr was terminated twenty-seven days after he met with an EEO counselor. However, Orr only devotes one paragraph to this argument in his response, and does not develop it any further. He cites to no other evidence, such as documents, statements or actions taken by the USPS to insinuate that it fired Orr in retaliation for his meeting with the EEO counselor. The court is reminded that "mere temporal proximity between the filing of the charge of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue." Stone v. City of

Indianapolis Public Utilities Div., 281 F.3d 640, 644 (7th Cir. 2002). Therefore, Orr cannot establish that the USPS retaliated against him through the direct method of proof, and must proceed under the indirect, burden-shifting method.

Under the indirect method, the plaintiff must "establish a prima facie case of retaliation by showing that: (1) she engaged in a statutorily protected activity; (2) she met the employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." Moser v. Indiana Dep't of Corr., 406 F.3d 895, 903 (7th Cir. 2005). Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. See id. Then, if the employer satisfies its burden, the burden shifts back to the plaintiff to demonstrate that the proffered reason was pretextual. See Dunn, 260 F.3d at 784.

It has already been determined that Orr engaged in a statutorily protected activity and that he did not meet the USPS's legitimate expectations. Furthermore, it is undisputed that Orr's termination constituted an adverse employment action. Lastly, Orr offers no evidence to establish he and any other employee at the USPS were similarly situated for purposes of Title VII. See Walker, 410 F.3d at 396. As a result, Orr cannot establish a prima facie of retaliation under the indirect, burden-shifting method.

However, with an abundance of caution, the court will analyze the remainder of Orr's retaliation claim. Assuming, arguendo, that Orr has established a prima facie case, the burden now shifts to the USPS to articulate a legitimate, non-discriminatory reason for the termination. See Moser, 406 F.3d at 904. The USPS has stated that it fired Orr for his failure to deliver mail,

and his excessive absences from work without leave. Orr, on the other hand, offers no evidence to create a genuine issue of material fact as to this claim. See Supra, Sec. B.

Lastly, the burden shifts back to Orr to demonstrate that the USPS's explanation is pretextual. See Dunn, 260 F.3d at 784. However, Orr is unable to proffer any evidence that creates a genuine issue of material fact as to whether the USPS's reason was "an honest one." See Stewart, 207 F.3d at 378. Absent any such evidence, Orr cannot satisfy this part of the indirect burden-shifting analysis, and summary judgment is proper as to the USPS as to Orr's retaliation claim.

### III. CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion for Summary Judgment. IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 12/13/06

14